TOM PETRUS & MILLER, LLLC

RICHARD B. MILLER   3729-0
Tel. #(808) 792-5855
rmiller@tpm-hawaii.com
PATRICIA KEHAU WALL   3498-0
Tel #(808) 792-5823
kwall@tpm-hawaii.com
Finance Factors Center
1164 Bishop Street, Suite 650
Honolulu, Hawaii 96813
Telephone No. (808) 792-5800

Attorneys for Plaintiff
ALLSTATE INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, an Illinois corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>CLAUDE CUSTARD,<br><br>    Defendant. | CIVIL NO. CV 14-00141 HG/BMK<br>(Declaratory Judgment)<br><br>FINDINGS AND RECOMMENDATION THAT PLAINTIFF ALLSTATE INSURANCE COMPANY'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT CLAUDE CUSTARD BE GRANTED<br><br>HEARING:<br>Date: August 14, 2014<br>Time: 11:30 a.m.<br>Judge: Hon. Barry M. Kurren |

# FINDINGS AND RECOMMENDATION THAT PLAINTIFF ALLSTATE INSURANCE COMPANY'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT CLAUDE CUSTARD BE GRANTED

Currently pending before this Court is Plaintiff ALLSTATE INSURANCE COMPANY's ("Allstate") Motion for Default Judgment (Doc. 11). Said Motion came on for hearing on August 14, 2014. Upon careful consideration of the Motion, the supporting memoranda, and the arguments of counsel, the Court hereby finds and recommends that Allstate's Motion be GRANTED.

## BACKGROUND

A.     The Shooting

As alleged in the Underlying Lawsuit, Defendant CLAUDE CUSTARD ("Defendant") was a patron at Club 21 in Honolulu, Hawaii, on the evening of December 3, 2011, when Defendant got into an argument with Darius Davis ("Davis"). SCSF at ¶ 10. The argument escalated and Defendant used his firearm to shoot Davis nine times. *Id.* at ¶ 12.

Criminal charges against Defendant were formally initiated on December 7, 2011 in *State of Hawaii v. Claude Eon Custard*, 1PC11-1-001755. *Id.* at ¶ 13. Defendant was charged with 1) attempted murder in the second degree in violation of HRS § 707-701.5, 2) carrying or use of a firearm in the commission of a separate felony in violation of HRS § 134-21, and 3) illegal firearm possession in violation of HRS §134-25. *Id.* at ¶ 12.

B.     The Allstate Renters Policy

At the time of the above events, Defendant was the named insured under Allstate Renters Policy Number 964905863 (the "Policy"). The Policy had a relevant policy period from July 12, 2011 through July 12, 2012. *Id.* at ¶12.

The Policy provides liability coverage to an insured person only for "**bodily injury** or **property damage** arising from an **occurrence**." An occurrence is defined under the Policy as "an accident."

The Policy specifically excludes coverage for "**bodily injury** or **property damage** intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any **insured person**." This exclusion applies even if:

> a) such **insured person** lacks the mental capacity to govern his or her own conduct;
>
> b) such **bodily injury** or **property damage** is of a different kind or degree than intended or reasonably expected; or
>
> c) such **bodily injury** or **property damage** is sustained by a different person than intended or reasonably expected.
>
> This exclusion applies regardless of whether or not such **insured person** is actually charged with, or convicted of a crime.

Defendant tendered the defense of the Underlying Lawsuit to Allstate. *Id.* at ¶ 5. Allstate has defended Defendant subject to a full reservation of rights while it pursues the instant action for declaratory relief. *Id.*

C.  The Underlying Lawsuit

On November 27, 2013, Davis filed suit in the First Circuit Court, State of Hawaii, against Defendant and others, encaptioned as *Darius Davis v. Claude Custard, et al.*, Civil No. 13-1-3129-11 RAN (the "Underlying Lawsuit"). *Id.* at ¶ 1. In the Underlying Complaint, Davis asserts three claims against Defendant for 1) assault and battery, 2) negligence, and 3) punitive damages. *Id.* at ¶ 2. In support of his sole negligence claim, Davis alleges that Defendant carried, possessed, and/or operated a deadly weapon 1) under the influence of alcohol, 2) in a reckless and/or careless manner, and 3) with intent to kill and/or cause serious bodily harm and injury. *Id.* at ¶ 3.

Allstate asserts – and no party to this proceeding has denied – that Defendant was acting intentionally when he fired his gun and shot Davis and that the shooting was not an accident. Further, it is undisputed that carrying a concealed firearm and firing it at Davis was prohibited by Hawaii law. Therefore, Davis's injuries 1) did not arise from an "occurrence" under the Policy and 2) were a reasonably expected result of the intentional or criminal acts or omission of Defendant.

D.  Procedural History

Plaintiff Allstate is an Illinois corporation with its principal place of business in Northbrook, Illinois. Defendant Custard is and was, at all times relevant hereto, a resident and citizen of the City and County of Honolulu and the State of Hawaii.

4

Allstate filed the Complaint and Summons herein on March 20, 2014. A true and correct copy of the Summons and Complaint was personally served upon the Defendant on March 22, 2014. Defendant did not answer or otherwise move to defend against the Complaint. Allstate filed a Request for Entry of Default with the Clerk on June 10, 2014, which request was granted on June 12, 2014.

## **DISCUSSION**

A.  <u>Default judgment is appropriate.</u>

The Court finds and recommends that the Motion be granted and that default judgment be awarded.

> Judgment by default may be entered as follows:
>
> (1) *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> (2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:

> (A) conduct an accounting;
>
> (B) determine the amount of damages;
>
> (C) establish the truth of any allegation by evidence; or
>
> (D) investigate any other matter.

Fed. R. Civ. P. 55(b).

The Complaint and Summons in this action were filed on March 20, 2014. A true and correct copy of the Summons and Complaint was personally served upon the Defendant on March 22, 2014. The deadline for Defendant to have served an Answer to the Complaint was April 14, 2014. Fed. R. Civ. P. Rule 12(a)(1)(A)(i). Defendant has not answered Allstate's Complaint herein and, in fact, has made no appearance whatsoever in this action. Moreover, he has not moved to set aside the default entered against him by the Clerk of this Court. Based on the failure of Defendant to plead, appear or otherwise defend against Allstate's Complaint, the Court finds that default judgment in favor of Allstate and against Defendant is appropriate.

B.   There is no coverage under the Policy because the Shooting was not an accident.

Further, it is apparent that Defendant was acting intentionally when he fired his gun and shot Davis. In the Underlying Complaint, Davis alleges that "[b]ecause of his intoxication, Defendant Custard got into an argument, quarrel, and/or altercation with plaintiff…. [T]his argument, quarrel and/or altercation

6

escalated to Plaintiff being shot Plaintiff [sic] multiple times by Defendant Custard…. Defendant Custard's attack on plaintiff, as described above, was unlawful, intentional, offensive, harmful, and/or unconsented." SCSF at ¶ 1. In the alternative, Davis also alleges that Defendant acted negligently when he "carr[ied] and/or possess[ed] a deadly weapon while under the influence of alcohol… [and used it in] a reckless and/or careless manner … with intent to kill and/or cause serious bodily harm and injury." Davis further alleges that "[Defendant] Custard acted wantonly, oppressively, and/or with such malice as to imply a spirit of mischief or criminal indifference to civil obligations…."

The insured has the burden of establishing coverage under an insurance policy. *Sentinel Ins. Co. v. First Ins. Co. of Hawaii*, 76 Hawaii 277, 291 n. 13, 875 P.2d 894, 909 n. 13 (1994). In this situation, Defendant cannot meet this burden because his use of an illegally possessed firearm to shoot Davis nine times after an argument at a bar clearly does not constitute an "occurrence" as required under the Policy and under Hawaii law.

The plain language of the Policy provides that coverage is afforded to an insured only for claims arising from an "occurrence", which is defined in relevant part to mean "an accident". SCSF at ¶ 14. In determining whether a claim arises from an "accident" within the coverage of a liability insurance policy, Hawaii courts view the facts underlying the claim objectively from the standpoint of the

7

insured.  *Hawaiian Holiday Macadamia Nut Co. v. Indust. Indem. Co.*, 76 Hawaii 166, 170, 872 P.2d 230, 234 (1994).  Thus, "[i]f the insured did something or ... failed to do something, and the insured's expected result of the act of omission was the injury, then the injury was not caused by an accident and therefore not ... within the coverage of the policy[.]"  *Id.* (quoting *Hawaiian Ins. & Guaranty Co. v. Blanco*, 72 Haw. 9, 16, 804 P.2d 876, 880 (1991) (where insured fired a rifle in direction of the victim with the intent of frightening him, and bullet struck victim causing physical injury, such injury was something that a reasonable person should have anticipated and expected and was thus not accidental) (overruled on other grounds, *Dairy Road Partners v. Island Ins. Co.*, 92 Hawaii 398, 992 P.2d 93, (2000)).

In the Underlying Complaint, Davis alleges a single count of negligence against Defendant on the grounds that Custard "carr[ied] and/or possess[ed] a deadly weapon while under the influence of alcohol… [and used it in] a reckless and/or careless manner … with intent to kill and/or cause serious bodily harm and injury."  SCSF at ¶ 1.  Regardless of the title given to this claim by Davis, aiming and discharging an illegally concealed firearm with the intent to kill and/or cause serious bodily injury to another is clearly not a claim sounding in negligence. Because there is no factual basis in the Underlying Complaint to support a claim

8

for negligence against Defendant, there is no "occurrence" and, therefore, no potential for coverage under the Policy.

Furthermore, the Policy specifically excludes coverage for any bodily injury or property damage which may reasonably be expected to result from the intentional or criminal acts or omissions of any insured person. This exclusion applies even if 1) the insured person lacks the mental capacity to govern his or her own conduct, 2) the bodily injury or property damage is of a different kind or degree than intended or reasonably expected, 3) the bodily injury or property damage was sustained by a different person than intended or reasonably expected, or 4) the insured person is not charged with or convicted of a crime.

In this case it is alleged that Defendant illegally carried a loaded firearm into a bar, where he became intoxicated, and engaged in an altercation with another patron. It is further alleged that shortly thereafter, Defendant aimed his loaded firearm at Davis and shot him nine times. Based on these facts, it is clear that the Shooting was an intentional and/or criminal act.

## **CONCLUSION**

In light of the foregoing, the Court specifically finds that Allstate is entitled to a declaration that it has no duty to defend and/or indemnify Defendant under Allstate Renters Policy Number 964905863, and with respect to the Underlying

Lawsuit. Accordingly, the Court finds and recommends that Plaintiff's Motion for Default Judgment be GRANTED.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, August 26, 2014.



  /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Allstate Ins. Co. v. Custard, CV. NO. 14-141 HG-BMK; FINDINGS AND RECOMMENDATION THAT PLAINTIFF ALLSTATE INSURANCE COMPANY'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT CLAUDE CUSTARD BE GRANTED.